UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| FROM FRANK, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. |
| HOT PROPERTIES! | ) | |
| MERCHANDISING, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT AND JURY DEMAND

Plaintiff From Frank, LLC ("From Frank"), by and through its attorneys, brings this action against Hot Properties! Merchandising, Inc. ("Hot Properties"), and alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for breach of contract, copyright infringement, and trademark infringement involving Defendant's unlawful use of From Frank's intellectual property following Defendant's material breach of a Merchandising Licensing Agreement between Defendant and From Frank.  From Frank seeks monetary damages, permanent injunctive relief, and other relief as specified below.

## PARTIES

2.      From Frank, LLC is an Indiana limited liability company with its principal place of business at 100 Wea Avenue, Lafayette, Indiana 47905.

3.      Hot Properties! Merchandising, Inc. is a California corporation with its principal place of business at 3919 East Guasti Road, Unit C, Ontario, California, 91761.

## JURISDICTION AND VENUE

4.      This case arises under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, the Copyright

1

Act, 17 U.S.C. § 101, *et seq*., and Illinois law.

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121(a) because From Frank's claims present well-pleaded federal questions that arise under the Lanham Act and the Copyright Act.

6.      This Court has supplemental jurisdiction over From Frank's breach of contract claim and common law unfair competition claim pursuant to 28 U.S.C. § 1367(a) because those claim are joined with substantial and related claims under the Lanham Act and Copyright Act, and are so related to the claims under the Lanham Act and Copyright Act that they form part of the same case or controversy under Article III of the United States Constitution.

7.      The exercise of *in personam* jurisdiction over Defendant comports with the laws of the State of Illinois and the constitutional requirements of due process because Hot Properties and/or its agents transact business, and/or offer to transact business within Illinois, including through their website located at *www.hotmerch.com*.

8.      In addition, Defendant agreed to submit to the jurisdiction of the United States District Court for the Northern District of Illinois through the Jurisdiction clause at Paragraph 30 of the Merchandising Licensing Agreement at issue in this action.

9.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## GENERAL ALLEGATIONS

**A.      From Frank and its Intellectual Property.**

10.      Plaintiff From Frank creates, licenses, and sells pet-themed greeting cards, gifts, and other novelty products that make humans smile.  Frank refers to the renowned French Bulldog pictured below:



11. From Frank's principal Katharine Smith created the original works of authorship depicted in **Exhibit A** attached hereto (the "Copyrighted Works").

12. Plaintiff owns the copyright in the Copyrighted Works by virtue of a written copyright assignment from Katharine Smith.

13. The Copyrighted Works are registered with the United States Copyright office. A true and correct certificate of registration for the Copyrighted Works is attached as **Exhibit B**.

14. Plaintiff and its licensees promote, advertise, offer for sale, and sell greeting cards, gifts, and other novelty items displaying the Copyrighted Works under the trademark FROM: FRANK, including through Plaintiff's website located at *www.fromfrank.com*.

15. Plaintiff and its licenses have expended substantial sums of money advertising and promoting Plaintiff's products under the FROM: FRANK Mark, and have sold a substantial number of greeting cards, gifts, and other novelty items under the FROM: FRANK name throughout the United States.

16. The extraordinary success of Plaintiff's products sold under the FROM: FRANK Mark over the years has fostered renown with consuming public, and Plaintiff's products sold

3

under the FROM: FRANK Mark have a reputation for being of the highest quality.  As a result of this success, and Plaintiff and its licensees' long and continuous use of the FROM: FRANK name in connection with Plaintiff's goods, Plaintiff's products sold under the FROM: FRANK Mark have come to be identified by the consuming public as emanating from a single source.

17.     In addition to its robust common law trademark rights in the FROM: FRANK Mark, Plaintiff owns U.S. Trademark Registration No. 4,559,542 for FROM: FRANK in connection with greeting cards in International Class 16, and an application to register FROM: FRANK in connection with a number of other goods in Class 16 (including stickers) is pending with the USPTO (*see* U.S. Serial No. 86598600).

**B.      Hot Properties and the Merchandising Licensing Agreement.**

18.     Defendant is an entertainment licensing company that supplies a variety of licensed novelty products at wholesale prices.

19.     On January 29, 2014, Plaintiff and Defendant entered into the valid and enforceable Merchandising Licensing Agreement (the "MLA") attached hereto at **Exhibit C**.

20.     Subject to the terms and conditions of the MLA, Plaintiff granted Defendant a non-exclusive license to utilize, among other intellectual property, the Copyrighted Works and the FROM: FRANK Mark in connection with the manufacture and/or publishing, marketing, sale and distribution of certain Licensed Products in a certain Licensed Territory for a certain Licensed Period.

21.     In exchange for these licenses, Defendant agreed to pay Plaintiff guaranteed minimum compensation as follows:

**Total Minimum Annual Guarantee:**     **US $15,000.00**

| Annual Period | GMR |
|---|---|
| **Initial Term** | US $15,000 with advance of US $7,500 |
| Y1. February 1, 2014 (effective date) – December 31, 2014 | US $7,500: $7,500 as an Advance paid on execution of the contract but due no later than 2-10-2014. |
| Y2. January 1, 2015 – December 31, 2015 | US $ 7,500: US $7,500 paid no later than 1-31-2015 |
| Y3. January 1, 2016 -- December 31, 2016 | US $ 0.00 |

22.    Pursuant to Paragraph 6(a) of the MLA, Defendant was obligated to furnish Plaintiff with a full, complete and accurate quarterly accounting statement reflecting the item number, description, gross selling price and quantity of Licensed Products manufactured and distributed and/or sold by Defendant during the calendar quarter and any deductions therefrom.

23.    Pursuant to Paragraph 15(a)(iii) of the MLA, the violation by Defendant of any obligations or conditions of the MLA, including failure to make proper and timely payment of any and all sums due under the MLA, constitutes an Event of Default under the MLA.

24.    Pursuant to Paragraph 15(c) of the MLA, upon termination of the MLA, Defendant was required to, among other things, (1) discontinue all use of Plaintiff's intellectual property, including the Copyrighted Works and the FROM: FRANK Mark; (2) discontinue the manufacture and sale of the Licensed Products, and (3) remit all unpaid royalties and the unpaid guaranteed minimum payment due under the MLA to From Frank within ten days.

**C.    Defendant's Unlawful Acts.**

25.    Defendant failed to make the required payment of $7,500 due to From Frank on or before January 31, 2015 in violation of Paragraph 5(c) and Schedule A of the MLA.

26.    After numerous unsuccessful attempts to compel performance under the MLA, Plaintiff, though its agent Genius Brands International, Inc. ("Genius Brands"), sent Defendant

the Notice of Default and Termination (the "Notice") attached as **Exhibit D**. The Notice explained that Defendant was in default of the MLA because of (1) its failure to make the required payment of $7,500 due to From Frank on or before January 31, 2015; and (2) its failure to provide timely accounting statements in violation of Paragraph 6(a).

27.  Defendant failed to cure these deficiencies within fifteen business days of the date of the Notice, and has failed to cure those deficiencies to this day. The MLA therefore terminated on July 29, 2015.

28.  Nevertheless, Defendant continued to use Plaintiff's intellectual property—including the Copyrighted Works and the FROM: FRANK Mark—and continued to sell the Licensed Products in violation of Paragraphs 10(f) and 15(c) of the MLA.

29.  On September 28, 2015, Plaintiff, through Genius Brands, sent Defendant the cease and desist letter attached as **Exhibit E**.

30.  Plaintiff received no response to the September 28 cease and desist letter, and Defendant continued to use Plaintiff's intellectual property—including the Copyrighted Works and the FROM: FRANK Mark—and continued to sell the Licensed Product on its website.

31.  As of the filing of this Complaint, the Licensed Products are still available for sale on Defendant's website at *https://hotmerch.com/product-search?term=from%20frank*. A print-out of this website is attached as **Exhibit F.**

### FIRST CLAIM FOR RELIEF
Breach of the Merchandising Licensing Agreement

32.  From Frank incorporates each of the preceding paragraphs as if fully set forth herein.

33.  The MLA is a valid and enforceable contract binding on Hot Properties and From Frank.

34.    From Frank has fulfilled all conditions precedent to enforcement of the MLA and has performed its obligations under the MLA.

35.    Defendant materially breached the MLA by (1) failing to make the required payment of $7,500 due to From Frank on or before January 31, 2015 in violation of Paragraph 5(c) and Schedule A; (2) failing to pay all unpaid royalties and the unpaid guaranteed minimum payment due to From Frank within ten days after the termination of the MLA pursuant to Paragraph 15(c)(iv); failing to provide timely accounting statements in violation of Paragraph 6(a); and (3) failing to discontinue use of Plaintiff's intellectual property and failure to discontinue the sale of Licensed Products upon termination of the MLA in violation of Paragraphs 10(f) and 15(c).

36.    As a direct and proximate result of these material breaches of the MLA, From Frank has suffered monetary damages in an amount to be proven at trial.

37.    In addition, and as acknowledged in Paragraphs 15(c)(iii) and 25 of the MLA, Defendant's failure to discontinue use of From Frank's intellectual property upon termination of the MLA in particular has caused From Frank irreparable damage, made damages difficult to determine, and left From Frank with no adequate remedy at law.  Thus in accordance with Paragraph 25 of the MLA, From Frank is entitled to a relief including, without limitation, a permanent injunction in addition to further relief at law or equity.

38.    From Frank is also entitled to its actual attorneys' fees and costs pursuant to Paragraph 30 of the MLA.

### SECOND CLAIM FOR RELIEF
Copyright Infringement - 17 U.S.C. § 501

39.    From Frank incorporates each of the preceding paragraphs as if fully set forth herein.

40.     The Copyrighted Works are original works of authorship and constitute copyrightable subject matter under the copyright laws of the United States.

41.     From Frank owns the copyright in the Copyrighted Works and complied with all statutory requirements in registering the copyright in the Copyrighted Works with the United States Copyright Office.

42.     Defendant has reproduced, distributed, and displayed the Copyrighted Works without From Frank's authorization.  Such actions by Defendant infringe From Frank's exclusive rights in the Copyrighted Works in violation of 17 U.S.C. § 106.

43.     Defendant's infringement of the Copyrighted Works has been knowing, deliberate, and willful.

44.     As a direct and proximate result of Defendant's actions described herein, From Frank has suffered, and will continue to suffer, irreparable injury unless and until the Court enjoins Defendant's actions.  From Frank has no adequate remedy at law.

45.     As a direct and proximate result of Defendant's infringement, Plaintiff has suffered monetary damages in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF
False Designation of Origin – 15 U.S.C. § 1125(a)

46.     From Frank repeats and realleges the preceding paragraphs as if fully set forth herein.

47.     Defendant's unauthorized use of the FROM: FRANK Mark as alleged herein constitutes false designation of origin in violation of 15 U.S.C. § 1125(a).  Defendant's use of the FROM: FRANK is likely to cause confusion, mistake and/or deception as to the source or origin of Defendant's goods and/or services, and to falsely suggest that Defendant and its goods are sponsored by, connected to, or associated with From Frank.

8

48.     Defendant's wrongful use of the FROM: FRANK Mark is knowing, deliberate, and willful.

49.     As a direct and proximate result of Defendant's actions described herein, From Frank has suffered, and will continue to suffer, irreparable injury to its business, reputation, and goodwill, unless and until the Court enjoins Defendant's actions.  From Frank has no adequate remedy at law.

50.     As a direct and proximate result of Defendant's actions described herein, From Frank is under 15 U.S.C. § 1117 entitled to a monetary recovery in an amount to be proven at trial.

**FOURTH CLAIM FOR RELIEF**
Infringement of Federally Registered Mark – 15 U.S.C. § 1114

51.     Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

52.     Defendant is not authorized to use From Frank's registered FROM: FRANK Mark or any mark confusingly similar to or that in any way represents or implies that Defendant's goods and/or services are in any way associated with From Frank.

53.     Nevertheless, Defendant has used and continues to use in commerce the designation FROM: FRANK in connection with the offering for sale and sale of Licensed Products after the termination of the MLA.

54.     Defendant's unauthorized use of the FROM: FRANK Mark as alleged herein constitutes trademark infringement in violation of 15 U.S.C. § 1114.  Defendant's use of the FROM: FRANK Mark is likely to cause confusion, mistake and/or deception as to the source or origin of Defendant's goods and/or services, and has falsely suggested that Defendant and its goods and/or services are sponsored by, connected to, or associated with From Frank.

55.     Defendant's wrongful use of the FROM: FRANK Mark is knowing, deliberate,

and willful.

56.     As a direct and proximate result of Defendant's actions described herein, From Frank has suffered, and will continue to suffer, irreparable injury to its business, reputation, and goodwill, unless and until the Court enjoins Defendant's actions.  From Frank has no adequate remedy at law.

57.     As a direct and proximate result of Defendant's actions described herein, From Frank is under 15 U.S.C. § 1117 entitled to a monetary recovery in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF
### Common Law Unfair Competition

58.     From Frank repeats and realleges the preceding paragraphs as if fully set forth herein.

59.     Defendant's unauthorized use of the FROM: FRANK Mark as alleged herein constitutes common law unfair competition.  Defendant's use of the FROM: FRANK Mark is likely to cause confusion, mistake and/or deception as to the source or origin of Defendant's goods and/or services, and to falsely suggest that Defendant and its goods and/or services are sponsored by, connected to, or associated with From Frank.

60.     Defendant's wrongful use of the FROM: FRANK Mark is knowing, deliberate, and willful.

61.     As a direct and proximate result of Defendant's actions described herein, From Frank has suffered, and will continue to suffer, irreparable injury to its business, reputation, and goodwill, unless and until the Court enjoins Defendant's actions.  From Frank has no adequate remedy at law.

62.     As a direct and proximate result of Defendant's actions described herein, From

Frank has suffered, and will continue to suffer, monetary damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff From Frank, LLC respectfully requests this Court:

A.     Enter judgment that Defendant has materially breached the MLA, willfully infringed From Frank's Copyrighted Works, and willfully infringed the FROM: FRANK Mark;

B.     Enter an order permanently enjoining Defendant and its officers, directors, agents, servants, employees and other representatives, as well as those in active concert with them, from directly, contributorily, or vicariously infringing any of From Frank's exclusive rights in the Copyrighted Works;

C.     Enter an order permanently enjoining Defendant and its officers, directors, agents, servants, employees and other representatives, as well as those in active concert with them, from directly, contributorily, or vicariously infringing the FROM: FRANK Mark;

D.     Order Defendant to destroy all current inventory of the Licensed Property;

E.     Order Defendant to pay From Frank all damages directly and proximately caused by Defendant's material breach of the Merchandising Licensing Agreement;

F.     Award From Frank its actual damages sustained as a result of Defendant's willful infringement of the Copyrighted Works, together with Defendant's profits attributable to the infringement but not taken into account in computing actual damages, pursuant to 17 U.S.C. § 504(b);

G.     Award From Frank the maximum amount of statutory damages available to From Frank for Defendant's willful infringement of the Copyrighted Works, pursuant to 17 U.S.C. § 504(c);

H.      Order Defendant to account for and to pay From Frank all profits derived by Defendant by reason of Defendant's willful false designation of origin and unfair competition;

I.      Order the trebling of all profits and damages owing to From Frank due to Defendant's willful false designation of origin pursuant to 15 U.S.C. § 1117(a);

J.      Award From Frank its actual attorneys' fees and costs pursuant to Paragraph 30 of the MLA;

K.      Award From Frank its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505, and/or 15 U.S.C. § 1117(a);

L.      Award From Frank prejudgment and post-judgment interest, as allowed by law; and

M.      Award From Frank such other relief as this Court deems just and appropriate.

## JURY DEMAND

Plaintiff From Frank hereby demands a trial by jury on all issues so triable.

Dated:  March 16, 2016                    Respectfully submitted,

                                          *s/ Kathryn A. Feiereisel*

                                          Kathryn A. Feiereisel # 6310852
                                          FAEGRE BAKER DANIELS LLP
                                          311 South Wacker Drive, Suite 4300
                                          Chicago, IL 60606
                                          Tel:    (312) 212-6500
                                          Fax:    (312) 212-6501
                                          Email: katie.feiereisel@faegrebd.com

                                          Louis T. Perry (*pro hac vice* to be filed)
                                          FAEGRE BAKER DANIELS LLP
                                          300 North Meridian Street, Suite 2700
                                          Indianapolis, IN  46204
                                          Tel:    (317) 237-0300
                                          Fax:    (317) 237-1000
                                          Email:  louis.perry@FaegreBD.com

                                          *Attorneys for From Frank, LLC*